UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EBIN NEW YORK, INC.,<br><br>                      **Plaintiff,**<br><br>v.<br><br>YOUNG CHUL LEE, KYUNG HO KANG, SM BEAUTY, LLC, S&L HAIR, INC., JOHN DOES 1-10 (said names being fictitious), and JOHN ROES CORPS. 1-10 (said names being fictitious),<br><br>                      **Defendants.** | Civil Action No. 17-13509 (JMV)<br><br><br>**OPINION** |

**FALK, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion for leave to amend its Complaint. (CM/ECF No. 45.) The motion is opposed. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **granted**.

## BACKGROUND

*A. Factual and Procedural History*

This is a trade dress infringement and theft of trade secrets case. Plaintiff EBIN New York, Inc. ("EBIN" or "Plaintiff") is in the business of developing, manufacturing and selling beauty supplies such as hair care and hair styling products and is the owner

of two trademarks for its hair products ("hair care products").[1] (Am. Compl. ¶¶ 6-7.) In addition, EBIN manufactures and sells a product line of high-quality false eyelashes. (Declaration of Joon Park ("Park Decl.") at ¶ 2.)

Defendants YC Lee ("Lee") and KH Kang ("Kang") were hired by EBIN in April 2016, as its marketing director and regional sales director, respectively. According to EBIN, Lee and Kang had access to EBIN's confidential and proprietary business information including marketing and advertising strategy, client lists, and product development plans and designs relative to its trademarked hair care products. (Am. Compl.¶¶ 31-32.) In early 2017, Lee and Kang resigned from EBIN and took employment with Plaintiff's competitors, Defendants SM Beauty, LLC ("SM Beauty") and S&L Hair, Inc. ("S&L").[2] EBIN claims that Lee and Kang, while employed by EBIN, stole proprietary and confidential information and assisted SM Beauty and S&L in infringing on Plaintiff's trade dress relating to its trademarked hair care products. Specifically, Plaintiff alleges that SM Beauty used the proprietary information supplied by Lee and Kang in the development, marketing and sales of its own competing hair care product.

On December 21, 2017, EBIN filed a nine-count Complaint asserting claims for trade dress and mark infringement in violation of the Lanham Act, 15 U.S.C. § 1125, and the New Jersey Fair Trade Act, N.J.S.A. §§ 56:4-1 *et seq.*, as well as a claim for

---
[1] EBIN is the owner of the trademarks 24 HOUR EDGE TAMER® and 48 HOUR TAMER®, and an applicant for the registration of the trademark EDGE TAMER™. (Compl. ¶ 7.)
[2] According to the Amended Complaint, Lee took a job with SM Beauty and Kang took a job with SM Beauty and S&L, his "joint employer." (Am. Comp. ¶¶ 24, 26.)

dilution and injury to business reputation under N.J.S.A. § 56:3-13.16, violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*, and as well as other common law claims. Defendants filed an Answer on April 19, 2018. (CM/ECF No. 17.) Plaintiff filed an Amended Complaint on June 3, 2019, adding claims of breach of duty of loyalty and theft of trade secrets against Lee and Kang. (CM/ECF No. 38.)

On June 12, 2018, the Court entered a Scheduling Order closing discovery March 1, 2019, and providing that any motions to amend be filed by September 15, 2018. (CM/ECF No. 23.) The Court entered two more scheduling orders on December 20, 2018 and May 14, 2019, extending discovery; neither order contained a deadline by which motions to amend were to be filed. (CM/ECF Nos. 29 and 36.) Pursuant to the May 14 Order, discovery was set to close September 30, 2019. (CM/ECF No. 36.) Plaintiff filed the instant motion to amend on September 13, 2019.

### B. *Plaintiff's Motion to Amend*

Plaintiff seeks leave to file a Second Amended Complaint (SAC) to add new factual allegations and four new causes of action against SM Beauty arising out of acts of trade dress infringement allegedly committed by SM Beauty *after* this case was commenced. More specifically, Plaintiff seeks to add facts which would support four new claims (trade dress infringement in violation of the Lanham Act and New Jersey Fair Trade Act, dilution and injury to business reputation, and common law unfair competition) against SM Beauty relative to an entirely different product manufactured and sold by EBIN—its false eyelash product line.

EBIN manufactures and sells a product line of high-quality false eyelashes with products having cat-themed names (the "Cat Lash" line.) (Declaration of Joon Park ("Park Decl.") at ¶ 2; proposed SAC ¶ 57.) EBIN first began engaging in research and development for this product line around May 2018, approximately six months after this case was commenced. (Proposed SAC ¶ 59.) EBIN has spent approximately $1.5 million advertising and selling its Cat Lash line since October 2018. (Proposed SAC ¶ 60.) In early June 2019, EBIN discovered that SM Beauty allegedly was selling a product line whose trade dress appeared to precisely mimic the Cat Lash line's trade dress. (Proposed SAC ¶ 61; Park Decl. ¶ 6.) Like EBIN's Cat Lash line, SM Beauty's lash product utilized the same color schemes on its packaging, used the term "3D" to describe its lashes, and used similar size boxes and displays. (Proposed SAC ¶¶ 62-67.) According to EBIN, the combination of product displays and boxes appear nearly identical and lead to customer confusion. (Proposed SAC ¶ 69.)

Maintaining that it only recently became aware of SM Beauty's alleged new instances of trade dress infringement, Plaintiff seeks leave to amend its pleading to assert these new claims now. Plaintiff argues that amending its pleading to assert the proposed new claims in the present case is more efficient than litigating them in a separate action. Specifically, Plaintiff contends that as the proposed new factual allegations of infringement by SM Beauty of the Cat Lash line mirror the existing ones relative to EBIN's hair care products. Defendants oppose the motion maintaining that any amendment will delay resolution of the case and compel Defendants to expend

significant additional resources to conduct discovery and prepare for trial.[3]

## DISCUSSION

### A. Legal Standard

Requests to amend pleadings are usually governed by the rather liberal Federal Rule of Civil Procedure 15. However, when a party seeks to amend beyond a deadline in a scheduling order, the more demanding standard of Rule 16 applies. Under Rule 16, a party must show "good cause" to alter the scheduling order. See Fed.R.Civ.P. 16; Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (good cause standard when determining the propriety of a motion to amend after the deadline elapsed).

Rule 15 is the correct standard to use for this motion. Although technically there was one deadline in the first scheduling order (September 15, 2018) which passed about one year ago, and even though there were subsequent scheduling orders, the date for moving to amend was never updated. More importantly, due to discovery disputes and Court conferences to resolve them, progress of this case was delayed. Basically, only written discovery has taken place, and according to Plaintiff some written responses remain outstanding. Thus, the anachronous amendment deadline is outdated and in reality, of no moment. It would be unjust to apply the deadline to this case. The

---

[3] Defendants also argue that the motion should be denied on procedural grounds due to the fact Plaintiff failed to submit a moving brief. Plaintiff submitted sworn statements in support of its motion and also filed a reply brief. Plaintiff also references an earlier brief submitted in support of a prior motion to amend. While Plaintiff may not have strictly complied with the rules governing motion practice, the Court in its discretion will not deny the motion on these grounds.

contemplation in preparing the initial scheduling order was to have the amendment deadline near the deadline for the close of discovery.  Requiring amendment prior to any real discovery is not fair.  Rule 15 must govern the instant motion to amend.  The prior scheduling order(s) have been inoperative for some time.

Rule 15 provides that once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility.  Foman v. Davis, 371 U.S. 178, 182 (1962).  The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion.  See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970).  The Third Circuit has "made clear that there is to be a liberal use of Rule 15 to amend complaints so as to state additional causes of action." Leased Optical Dep't, Inc. v. Opti-Center, Inc., 120 F.R.D. 476, 479 (D.N.J. 1988) (quotations omitted).

### B. *Plaintiff's Proposed Amendment*

First, there does not appear to be any delay by Plaintiff in moving to amend.  According to Plaintiff, it only learned of SM Beauty's alleged infringement in June 2019.  Shortly thereafter, Plaintiff sought the Court's permission to file its motion and did so on September 13, 2019.  Based on the record before it, Plaintiff did not unduly delay in moving to amend its pleading.

Second, the Court does not find any real prejudice to Defendants should amendment be permitted. "Prejudice to the non-moving party is the touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). Incidental prejudice is insufficient grounds on which to deny leave to amend. See In re Caterpillar, Inc., 67 F.Supp.3d 663, 668 (D.N.J. 2014). In determining whether there is prejudice, the court considers whether an amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the case; or (3) prevent the non-moving party from bringing a timely action in another forum. See, e.g., Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004).

The theories in the proposed SAC involve the same general allegations—trade dress infringement by SM Beauty—albeit the allegations are related to a different product. Defendants have made no showing that their ability to defend this case would be impaired by the addition of these new claims or require Defendants to expend significant additional resources to conduct discovery. This is particularly true given the fact that no depositions have been taken place yet and some written discovery responses remain outstanding. (Declaration of Peter Melamed, Esq. ("Melamed Decl.") ¶¶ 4-6.) Any prejudice in this case is "incidental" and thus will not operate to deny Plaintiff the right to amend.

Third, the amendment will not, as a practical matter, delay resolution of this case. Notwithstanding the fact that this matter was filed almost two years ago, discovery has not been completed. Although discovery was set to close on September 30, 2019, written

discovery remains outstanding and no depositions have been taken.  Regardless of any amendment, it is clear depositions of key witnesses still need to be taken, as well as expert discovery, if needed.   The addition of new claims against only one defendant, SM Beauty—which has been litigating this case from its inception and should be able to provide responses to written discovery relatively quickly—will not have a material effect on when the merits of this action are reached.

Fourth, permitting the proposed claims to be asserted in this case may ultimately mitigate the time and expense of litigation between the parties.  According to Plaintiff, its claims related to its Cat Lash products relate closely to SM Beauty's pattern of behavior with respect to its hair care product trade dress claims.  (Melamed Decl. ¶ 8.)  It is conceivable that SM Beauty's alleged copying of Plaintiff's Cat Lash trade dress is relevant to intent, including whether it intended to copy Plaintiff's hair care product trade dress.  If Plaintiff is forced to bring its Cat Lash trade dress claims in a new, separate action, it may be compelled to introduce matters concerning its hair care product line, causing unnecessary expense, including depositions of the same or similar witnesses and other duplicative discovery on the same and closely related matters.

## CONCLUSION

For the reasons set forth above, Plaintiff has demonstrated good cause to amend. Its motion to amend is **granted.**

<u>s/Mark Falk</u><br>
**MARK FALK**<br>
**United States Magistrate Judge**

**Dated: October 11, 2019**